The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ROBERT BROTHERSON, PATRICK      )
SHEEHY, and CAROLYN BECHTEL,    )
individually and on behalf of all others similarly )   No. C07-1787RAJ
situated,                       )
                                )
                Plaintiffs,     )   REPLY IN SUPPORT OF DEFENDANT'S
                                )   MOTION TO (i) STAY PENDING
                                )   RESOLUTION OF LEASE DISPUTE, AND
        v.                      )   (ii) DISMISS CLAIM FOR INJUNCTIVE
                                )   RELIEF PURSUANT TO FRCP 12(c)
THE PROFESSIONAL BASKETBALL CLUB,)
L.L.C., an Oklahoma limited liability company )   NOTE ON MOTION CALENDAR:
registered to do business in the State of )   MARCH 7, 2008
Washington,                     )
                                )   ORAL ARGUMENT REQUESTED
                Defendant.      )

## I.   INTRODUCTION

Recognizing the singular significance of whether the Lease Litigation will require the Sonics to remain in Seattle, plaintiffs concede that class certification briefing should be stayed until after the June trial. But they insist on moving forward with discovery. Until the Lease Litigation is resolved, plaintiffs' claims are largely hypothetical. Indeed, even completing class certification discovery is impractical until the scope of the claims and defenses at issue is known. Neither do plaintiffs argue they will suffer any prejudice from a short stay.

Plaintiffs cite no authority suggesting entitlement to injunctive relief keeping the Sonics in Seattle. In essence, plaintiffs claim to hold irrevocable options to purchase season tickets for

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY
AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-
1787RAJ) - 1

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the next two years. Even if that were true (which it is not), tickets are revocable licenses. Plaintiffs have at best an irrevocable option to purchase revocable licenses. Stated otherwise, specific performance gets them nothing. A ticket holder's remedy for a cancelled performance is damages, usually a simple refund. But plaintiffs cite no authority holding that disappointed ticket holders can obtain an injunction requiring a performance to take place as scheduled, let alone authority that someone claiming a future right to purchase tickets for events that have not yet been scheduled can obtain an order requiring these events to be performed in a particular venue.

This matter should be stayed pending trial in the Lease Litigation, and plaintiffs' claim for injunctive relief should be dismissed.

## II.   ARGUMENT

### A.   This Matter Should Be Stayed

Unable to explain how they would be prejudiced by a short stay, plaintiffs' Opposition focuses on the supposed merits of their claims. The Sonics dispute numerous of plaintiffs' assertions and dispute that plaintiffs have suffered or will suffer any compensable damages. But the issue is whether a short stay is proper, rather than any merits of plaintiffs' claims for damages.[1]

The Lease Litigation trial begins on June 16 and lasts, at most, six days. It will determine if the Sonics will remain in Seattle through 2010. In the parties' January Joint Status Report, season-ticket plaintiffs insisted on moving forward with discovery "on all fronts" and said they intended to file their motion for class certification by the end of March. [Docket No. 10] Under this Court's February 5, 2008, minute order, class certification discovery must be completed by April 18, and plaintiffs' motion for class certification must be filed by May 16.

Now, plaintiffs acknowledge the obvious – class certification briefing should be stayed pending the outcome of trial in the Lease Litigation. Opposition at 5:20-21. However, they

---

[1] However, the Sonics also hereby move to strike Plaintiffs' Exhibit C and Exhibit D as hearsay.

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY
AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-
1787RAJ) - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

argue that discovery should nevertheless continue, claiming they will suffer damages even if the Sonics must remain in Seattle through 2010.  Plaintiffs miss the point:  the scope of plaintiffs' claims, including the nature and extent of their damages (if any), cannot be defined until we know if, and when, the Sonics are leaving Seattle.  Attempting to complete class certification discovery now, including deposing putative class representatives, makes no sense when the scope of the case remains so hazy.

After trial of the Lease Litigation, damages, causation, and class representation matters in this case will be sufficiently clear to move forward.  Plaintiffs will not be prejudiced by a short stay, after which a revised case schedule in this matter can be developed.[2]

## B.    Plaintiffs' Claim for Injunctive Relief Must Be Dismissed

In claiming entitlement to injunctive relief, plaintiffs (i) misconstrue the law and (ii) concede they have no injury that can be remedied by injunctive relief.

First, as season ticket owners, plaintiffs hold a series of revocable licenses.[3]  Given the nature of the right conferred by a ticket, a ticket holder is simply entitled to damages – not an injunction – when a performance is cancelled.  See cases cited in Sonics' Motion at 4-5.  Plaintiffs attempt to distinguish the cases on which the Sonics rely by saying plaintiffs:

> are not simply holders of tickets to Sonics games, which under the authorities cited by PBC might be considered revocable licenses.  Plaintiffs have an irrevocable contract with PBC for the future purchase of season tickets at guaranteed prices.

Opposition at 7:21-24.

For reasons unclear, plaintiffs rely on In re Harrell, 73 F.3d 218 (9th Cir. 1996).  That case held that under Arizona law, current season ticket holders had no compensable property right to buy future season tickets.  Id. at 220.  Plaintiffs argue that unlike Harrell, their right to renew over the next two years is "irrevocable."  Thus, plaintiffs claim that having an

---

[2] On February 22, 2008, plaintiffs served their first set of requests for documents – the only discovery to date in this matter.

[3] It is undisputed that each Sonics ticket recites that it is a "revocable license."

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-1787RAJ) - 3

"irrevocable contract"[4] to purchase future season tickets entitles them to injunctive relief barring the Sonics from leaving.

Again, this misses the point: even if plaintiffs have an "irrevocable" right to buy future season tickets, those future season tickets themselves are merely *revocable licenses*. Plaintiffs have, at best, an irrevocable right to a revocable license. There is little point in compelling the sale of such nullities. See Soderholm v. Chicago Nat'l League Ball Club, Inc., 587 N.E.2d 517 (Ill. App.1992) (affirming denial of plaintiffs request to compel sale of season tickets because it was "clear that a Cubs season ticket consists of a series of revocable licenses"). And, even assuming plaintiffs would exercise a "right" to buy such tickets, they cite no authority suggesting that they would have a right to an injunction or any remedy other than a *refund* if the licenses were revoked. See Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626, 630 (Fla. App.1988) ("As a revocable license, a ticket can be revoked by the proprietor at any time" and "the holder has a cause of action for breach of contract in which he is entitled to recover as damages the consideration paid."). The specific performance cases plaintiffs cite are inapposite because they do not concern contacts for the sale of revocable licenses, let alone suggest disappointed ticket holders can obtain a court order requiring entertainers to perform an event they otherwise would cancel. The only cases plaintiffs cite even remotely dealing with entertainment contracts have nothing to do with ticket holders seeking specific performance. Instead, both Marilyn Manson, Inc. v. New Jersey Sports & Exposition Authority, 971 F. Supp. 875 (1997), and S. Christian Leadership Conference v. Al Malaikah Auditorium Co., 281 Cal. Rptr. 216 (Ct. App. 1991), simply stand for the unexceptional proposition that one who leases a venue may seek specific performance of that contract. Neither can plaintiffs find any support in the CPA case they cite, Allen v. American Land Research, 95 Wn.2d 841, 631 P.2d 930 (1981), which which merely provides that courts finding CPA violations may order restitution.

---

[4] Presumably, plaintiffs mean "irrevocable option."

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-1787RAJ) - 4

Finally, plaintiffs' own damages argument shows that their supposed injury could not be remedied by specific performance. Plaintiffs claim that if the Sonics remain through 2010, season ticket holders will have been "damaged" because attending games over the next two years would be like "spending Valentine's Day with a spouse who has filed for divorce and professed love for someone else." Opposition at 5:8-14. But plaintiffs conversely seek to lock the Sonics in for the next two years of a "loveless" relationship, playing games that plaintiffs presumably would not attend anyway. Thus, plaintiffs have no "irreparable injury" that could be remedied by an injunction. Instead, if they have or will suffer any cognizable "injuries," their only remedy is damages.

## III.    CONCLUSION

As the Sonics landlord, the City is seeking specific performance requiring the Sonics to remain in Seattle under the lease. Whether specific performance is available will be decided by Judge Pechman in June. Season ticket holders have no such remedy available to them, and plaintiffs' claim for injunctive relief in this matter must therefore be dismissed. And until the Lease Litigation is concluded, this case should be stayed.

DATED this 7th day of March, 2008.

BYRNES & KELLER LLP

By /s/ Paul R. Taylor
Bradley S. Keller, WSBA #10665
Paul R. Taylor, WSBA #14851
Steven C. Minson, WSBA #30974
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone:    (206) 622-2000
Facsimile:    (206) 622-2522
Email: bkeller@byrneskeller.com
    ptaylor@byrneskeller.com
**Attorneys for Defendant**
**The Professional Basketball Club, LLC**

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-1787RAJ) - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Griffin (mgriffin@kellerrohrback.com)
Frederick W. Schoepflin (fschoeplin@kellerrohrback.com)
Keller Rohrback L.L.P
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052

Michael D. Myers (mmyers@myers-company.com)
Thomas B. Baisch (tbaisch@myers-company.com)
Myers & Company, P.L.L.C.
1809 Seventh Avenue, Suite 700
Seattle, WA  98101

/s/ Paul R. Taylor
Paul R. Taylor, WSBA #14851
Byrnes & Keller LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
ptaylor@byrneskeller.com

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO (i) STAY
AND (ii) DISMISS PURSUANT TO FRCP 12(c) (No. C07-
1787RAJ) - 6

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000