HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BROTHERSON, et al.,

    Plaintiffs,

v.

THE PROFESSIONAL BASKETBALL CLUB, L.L.C.,

    Defendant.

CASE NO. C07-1787RAJ

ORDER

## I. INTRODUCTION

There are nine motions pending in this matter. This order resolves two of them: Plaintiffs' motion to extend the deadline for expert discovery (Dkt. # 66), and Defendant's motion to seal (Dkt. # 75). The remainder of the order requires the parties to provide input on the resolution of six of the other seven pending motions.

## II. BACKGROUND & DISCUSSION

Defendant, the Professional Basketball Club ("PBC"), owns the NBA basketball team formerly known as the Seattle Supersonics (the "Sonics"), now rechristened the "Oklahoma Thunder." As all parties concede, the Thunder will play their home games in Oklahoma City when the NBA season begins this autumn.

Plaintiffs seek to represent a class of all persons who bought Sonics season tickets for 2007-2008, which turned out to be the team's final season in Seattle. They also seek

ORDER – 1

to represent a subclass of 2007-2008 season ticketholders who bought their tickets before the PBC's April 18, 2007 announcement that it intended to break its arena lease with the City of Seattle and play in Oklahoma City beginning in the 2008-2009 season. Plaintiffs seek breach of contract damages and relief under the Washington Consumer Protection Act ("CPA") arising from PBC's alleged promises to keep the Sonics in Seattle through at least the 2009-2010 NBA season. Two of the pending motions seek certification of the class and subclass, respectively.

**A.    The Parties Must Provide Updates Regarding Their Motions Related to Injunctive Relief (Dkt. ## 48, 62), Their Class Certification Motions (Dkt. ## 33, 41), and Their Remaining Summary Judgment Motions (Dkt. ## 80, 87).**

At least two of the motions relate to Plaintiffs' claims for injunctive relief. When Plaintiffs filed this action, no one knew if the Sonics would move to Oklahoma City or when. The operative complaint (Plaintiffs' First Amended Complaint, or "Complaint") requests, among other things, an injunction "forbidding PBC from breaking its leas [sic] and/or moving the Sonics to a new venue, prior to the end of the 2009-2010 season." Complaint (Dkt. # 1) at ¶ 6.22. On July 2, the City of Seattle and PBC announced a settlement of their dispute over the arena lease, a settlement that permitted the PBC to move the Sonics to Oklahoma City.

On the heels of the settlement, PBC moved for summary judgment dismissal of Plaintiffs' claim for injunctive relief. Plaintiffs responded on August 18 with the forthright admission that they would not pursue their claim for injunctive relief. Dkt. # 57 at 1 ("Plaintiffs are not asking the Court to order the Sonics to return and play next season in Seattle. They understand that this relief is not feasible."). For reasons that are not apparent to the court, PBC's summary judgment motion is nonetheless still pending.

On August 21, Plaintiffs moved to amend their claim for injunctive relief to prevent PBC from selling season tickets "without first providing all [Plaintiffs] the opportunity to purchase their priority seats at 2007-08 prices and to maintain their

ORDER – 2

priority seat numbers," and to require PBC to give Plaintiffs "the opportunity to purchase their priority seats for the 2008-09 and 2009-10 seasons at 2007-08 prices." Dkt. # 62 at 2. They also sought an "abatement" to compensate for the increased costs of Oklahoma season tickets, including travel costs to Oklahoma City. When Plaintiffs filed their motion to amend, they knew that PBC would begin selling Oklahoma Thunder season tickets on September 8. *Id.* at 3. Despite this knowledge, Plaintiffs did not seek injunctive relief before September 8. Indeed, despite much ado about Plaintiffs' desire to seek injunctive relief, Plaintiffs have never moved for injunctive relief. Plaintiffs admittedly know that the PBC has already begun selling season tickets, knowledge that calls into question (to say the least) their continued insistence on the right to, at some unspecified time in the future, seek an injunction stopping PBC from selling season tickets. In a reply brief they filed today, Plaintiffs admit that they know that PBC has now sold out all Oklahoma Thunder season tickets for the 2008-2009 season. Dkt. # 89 at 3. If Plaintiffs seriously intend to pursue injunctive relief forcing PBC to allow them to purchase season tickets, the court queries why they have sat idle while PBC sold all of its season tickets to others.[1]

In addition to the parties' disputes over injunctive relief, Defendants have recently filed two motions for summary judgment dismissing Plaintiffs' contract and CPA damage claims. Neither motion is ripe for decision, and the most recent of them will not be ripe until October 17.

While the summary judgment motions pend, the court has not ruled upon Plaintiffs' class certification motions. This is in part because the court renoted those motions for September 5 at the request of the parties. In addition, the parties have taken no position as to whether the summary judgment motions should be decided in advance of class certification. This question is not academic, as the scope of the preclusive effect

---

[1] Plaintiffs have able counsel representing them in this case. The court is certain that counsel understands that wrangling over the inclusion of a claim for injunctive relief in a complaint is quite different than filing a motion for a preliminary injunction or temporary restraining order.

ORDER – 3

of any summary judgment order will depend on whether a class has been certified and properly notified in advance of a summary judgment order.

The court therefore requires the parties to submit a joint statement no later than October 6 stating their positions on the following questions. The parties will meet and confer in advance of providing that statement. The court expects that the parties will not only discuss their responses to the following questions, but will discuss a reasonable course for resolving this action.

1. Should the parties withdraw or modify some or all of the motions related to injunctive relief in light of recent developments with Oklahoma Thunder ticket sales?

2. If Plaintiffs continue to insist on injunctive relief, what relief will they move for, and when will they file a motion or motions for injunctive relief? In clarifying their position on injunctive relief, the court reminds counsel of their obligations under Fed. R. Civ. P. 11.

3. Should the court resolve the pending class certification motions before or after resolving the pending motions for summary judgment?

**B.  The Court Grants a Short Extension of the Deadline for Disclosing Expert Reports.**

The court has reviewed Plaintiffs motion to extend the September 3 deadline for providing expert disclosures by five weeks. The court finds Plaintiffs' reasons for seeking an extension to be woefully inadequate. Their claim that they were prevented from pursuing discovery by a partial stay that was previous in effect is simply wrong. Plaintiffs simply delayed in propounding discovery, and their inability to comply with the deadline for expert disclosures is the result of their own failure to diligently pursue discovery. Only the court's strong preference for deciding matters on their merits leads the court to grant a brief extension of the deadline for expert reports to October 6, and solely for the purpose of providing an expert report on damages from Robert Moss. To

ORDER – 4

the extent that PBC needs to extend other deadlines to respond to Mr. Moss's report, the court expects Plaintiffs to cooperate fully in any request for a reasonable extension.

**C.     The Court Denies PBC's Motion to Seal.**

PBC has moved to seal several documents it filed in conjunction with a motion to compel third-party discovery. It appears that PBC filed the motion solely to comply with the parties' stipulated protective order. Plaintiffs have not responded to the motion, and no one has made the showing necessary under Local Rules W.D. Wash. CR 5(g) to justify sealing any document. The court therefore denies the motion.

### III.  CONCLUSION

For the reasons stated above, the court orders the parties to provide a joint statement as directed in Section II.A, *supra*, no later than October 6, 2008. The court GRANTS in part and DENIES in part Plaintiffs' motion (Dkt. # 66) to extend the deadline for disclosure of expert reports, and extends the deadline to October 3. The court DENIES PBC's motion to seal (Dkt. # 75).

DATED this 26th day of September, 2008.

*/s/ Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5