HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT BROTHERSON, et al.,

    Plaintiffs,

v.

THE PROFESSIONAL BASKETBALL CLUB, L.L.C.,

    Defendant.

CASE NO. C07-1787RAJ

ORDER

## I. INTRODUCTION

There are many motions pending in this matter. Six of them were the subject of a September 26, 2008 order requiring additional input from the parties on the status of those motions. This order, which incorporates the September 26 order by reference, clarifies the status of pending motions in light of the parties' joint statement (Dkt. # 96) in response to the prior order.

## II. BACKGROUND & DISCUSSION

In response to the court's order, the parties concede that the circumstances relevant to Plaintiffs' claim for injunctive relief have changed. All parties concede that PBC's motion for summary judgment on injunctive relief (Dkt. # 48) is moot. The court will deny the motion on that basis.

ORDER – 1

Plaintiffs' motion to amend their complaint's prayer for injunctive relief is moot too, at least in part. Plaintiffs concede that they will not seek any injunctive relief related to 2008-2009 Oklahoma Thunder season ticket sales. They insist that they can seek injunctive relief that would "require [PBC] to offer Plaintiffs and the proposed class tickets comparable to the ones promised to them at the guaranteed prices for the 2009-2010 season." Joint Statement at 2. Defendants, in turn, insist that they will file a new summary judgment motion attacking this claim.

The court will grant Plaintiffs' motion to amend as follows. Plaintiffs may, no later than November 10, 2008, file an amended complaint incorporating their revised prayer for injunctive relief. Before doing so, they must meet and confer with PBC regarding the scope of their request for injunctive relief. The joint statement suggests that their revised request may be much more modest in scope than their previous request. In the joint statement, Plaintiffs aver no more than intent to seek an injunction forcing PBC to provide the opportunity for Plaintiffs to purchase 2009-2010 tickets at the prices they were allegedly guaranteed. If Plaintiffs do not intend to seek the more robust relief they have intimated at in previous submissions (requiring the PBC to abate the costs of attending games by, *inter alia*, providing Plaintiffs transportation to and lodging in Oklahoma City) PBC and the court should know as much before PBC moves to dispose of the claim. The court expects the amended complaint to be specific regarding the scope of the injunction Plaintiffs are requesting.

Finally, the court asked the parties to address whether the court should resolve the pending class certification motions before or after the pending summary judgment motions. In the joint statement, PBC requests that the court decide the summary judgment motions first in the interest of judicial economy. Their summary judgment motions, if successful, would result in the dismissal of this action or stark limitations on the scope of Plaintiffs' claims. If the court were to certify a class before ruling on the summary judgment motions, adverse rulings would affect the entire class, as opposed to

ORDER – 2

merely the Plaintiffs currently before the court. The PBC is apparently willing to waive this potential benefit in the interest of expeditiously addressing their summary judgment motions. In the event of adverse rulings on the summary judgment motions, Plaintiffs would have the opportunity to withdraw or modify their class certification motions. For that reason, the court finds it in the best interest of the putative class to delay ruling on certification until the court has resolved the pending summary judgment motions. The most recent of those motions is noted for October 17, 2008. The class certification motions (Dkt. ## 33, 41) will be re-noted for that date. The court will consider no other dispositive or partially dispositive motions until it resolves those that are pending.

The parties also indicate in their joint statement that they have taken discovery since briefing closed on the class certification motions, and that some of that discovery is relevant to those motions. The parties may, by October 17, submit supplemental briefs of no more than 10 pages updating their class certification motions in light of that discovery.

### III. CONCLUSION

For the reasons stated above, the court DENIES PBC's motion for summary judgment on Plaintiffs' claim for injunctive relief (Dkt. # 48), GRANTS Plaintiffs' motion to amend (Dkt. # 62) subject to the conditions stated above, and renotes the pending class certification motions (Dkt. ## 33, 41) for October 17, 2008.

DATED this 10th day of October, 2008.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3