The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| ROBERT BROTHERSON, PATRICK SHEEHY, and CAROLYN BECHTEL, individually and on behalf of all others similarly situated, | ) ) ) ) ) | No. C07-1787 RAJ |
| Plaintiffs, | ) ) | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING, AND SCHEDULING FINAL FAIRNESS HEARING** |
| v. | ) ) | |
| THE PROFESSIONAL BASKETBALL CLUB, L.L.C., an Oklahoma limited liability company registered to do business in the State of Washington, | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement. Dkt. # 195. The parties have agreed, subject to final approval by this Court following notice to the Class, to settle this action upon the terms and conditions set forth in the Settlement Agreement. The Court has reviewed the Settlement Agreement, as well as all files, records, and proceedings to date in this matter.

The court finds that the settlement the parties have proposed is fair, reasonable, and adequate, and thus the court GRANTS their motion for preliminary approval. In order to ensure

PRELIMINARY APPROVAL ORDER - 1

that class members make informed choices as they decide whether to object to the settlement or otherwise comment upon it, the court directs class counsel to make several additions to their electronic and printed notices to class members.

First, class counsel shall ensure that the website they maintain at www.SonicsClassAction.com is updated to reflect the court's preliminary approval of this settlement. Specifically, the website shall contain this preliminary approval order, the parties' motion for preliminary approval, and the attachments thereto, including a copy of the notice mailed to class members. It shall also inform class members that complete records of this litigation can be accessed online and at the courthouse.

In addition, class counsel shall endeavor to ensure that the portion of the website that allows class members to determine their estimated damages is easily accessible and contains enough disclosures to permit class members to make a reasonable assessment of their damages. The court recognizes that the amount each class member will receive depends on the amount of costs and attorney fees that the court awards, but the website must nonetheless give class members a basis to calculate damages. For example, the website might give instructions on estimating a class member's distributions based on a series of assumptions about how much of the $1.6 million settlement will be available to class members. Class counsel must make changes to the website *before* mailing settlement notices to class members. Once they do so, they shall contact the court so the court can examine the website before notice is mailed. The court prefers that they do so no later than February 25, 2010, or else they risk forcing a delay of other deadlines stated in this order.

Second, class counsel shall revise their proposed notice to class members at sections 4 and 6 to reflect the improvements they make on the website to permit class members to estimate

PRELIMINARY APPROVAL ORDER - 2

their damage awards. It shall also revise the section addressing attorney's fees and costs to plainly state the following: (1) that while counsel may seek an attorney fee award up to one-third of the settlement amount, the court has in no way indicated that it will award that amount; (2) an estimate (or preferably, an upper limit) of costs that class counsel will seek; and (3) that any amount awarded as attorney fees or costs will reduce the $1.6 million available to class members.

Finally, the court sets the final approval hearing for April 29, 2010 at 2:00 p.m. The court sets this deadline with the expectation that class counsel will make the website and notice revisions ordered above, and send notice to class members such that they have at least 45 days from the mailing of the notice until the final approval hearing. Counsel will revise the class notice and website to state the appropriate dates for objections and other submissions in light of the hearing date above. Counsel shall provide the court with a copy of the revised notice for approval by February 25, 2010.

The remainder of this order reproduces the parties' proposed preliminary approval order, except that the court has inserted dates where appropriate, has added a clause to the end of paragraph 3, and has changed the deadline for submitting objections to 14 days before the final hearing, and has added an instruction to class members not to send their objections to the court.

IT IS HEREBY ORDERED:

1. **<u>Preliminary Approval of Proposed Settlement</u>.** The Settlement Agreement is preliminarily approved as fair, reasonable and adequate. The Court also finds that notice to members of the Class should be provided and a hearing on the Settlement Agreement should be held as set forth in this Order.

2. **Stay of Proceedings.** All proceedings in this action are hereby stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

3. **Settlement Hearing.** A final approval hearing (the "Settlement Hearing" or "final hearing") shall be held before this Court on April 29, 2010, at 2:00 to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Settlement Hearing, the Court may enter the Final Approval Order And Judgment (Exhibit 3 to the Settlement Agreement) that will adjudicate the rights of the Class members, or it may modify that order after hearing objections and other input from class members.

4. **Notice.** No later than twenty (20) days after the date of this Order, Class Counsel shall have a copy of the Notice of Proposed Settlement and Settlement Hearing in substantially the same form as Exhibit 2 of the Settlement Agreement mailed by First Class Mail, Postage Prepaid, to all members of the Class. Class Counsel will use the list of names and addresses of all members of the Class previously provide by Defendant in electronic form.

5. **Findings Concerning Notice.** The Court finds that this notice is the best practicable notice under the circumstances and is as likely as any other form of notice, to apprise class members of the Settlement Agreement, and their rights to object. The Court further finds that the notice is reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

6. **Papers in Support of Settlement.** The parties to the Agreement may file additional papers in support of the proposed settlement seven (7) calendar days prior to the final hearing.

7. **Objections and Appearances**

    (a) **Written Objections.** Any Class member may object to the fairness, reasonableness or adequacy of the Agreement. Class members may do so either on their own or through counsel hired at their own expense. Any Class member who wishes to make a written objection to the Settlement Agreement must serve a written statement of objection along with any other supporting materials, papers or briefs that he or she wishes the Court to consider no later than fourteen (14) days before the Settlement Hearing and must on that same date serve such papers by first class mail on:

> Mark A. Griffin
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052

> and

> John Tondini
> Byrnes & Keller, L.L.P.
> 1000 Second Avenue, Suite 3800
> Seattle, WA 98104

Any such objections will be filed with the Court by Class Counsel no later than seven (7) days before the Settlement Hearing so the Court may consider them. CLASS MEMBERS SHOULD NOT SEND OBJECTIONS DIRECTLY TO THE COURT.

    (b) **Appearance at Settlement Hearing.** Any Class member who has served an objection may appear at the Settlement Hearing, either in person or through counsel hired at the Class member's expense, and object to the fairness, reasonableness or adequacy of the Settlement Agreement. Any Class Member who chooses to be heard must send a written notice of intent to appear on Class Counsel at the address listed above by the same date that objections are due.

8. **Effect of Failure to Approve the Settlement Agreement.** In the event the Court or any other court (a) disapproves, sets aside, or modifies this Agreement, (b) declines for any reason to enter or give effect to a Preliminary Approval Order, (c) declines for any reason to enter or give effect to an Final Approval Order And Judgment, (d) holds that the Final Approval Order And Judgment, or any judgment entered pursuant thereto, should in any material part be overturned or modified in any material way, or (e) the approval order is appealed, and defendant exercises its right to declare the settlement void, then the Settlement Agreement shall become null and void, the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of the Memorandum of Understanding, and the parties shall jointly move that any and all orders entered pursuant to the Agreement be vacated and shall proceed with the Action as if the Memorandum of Understanding and the Agreement had never been executed; provided, however, that in the event that the parties, within fifteen (15) days of any such action of any court, jointly elect to appeal from or otherwise seek review or reconsideration of such court action, the Agreement shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn, or overturned. IT IS SO ORDERED.

DATED: February 12, 2010.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge